IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Cause No. 2:09-CR-140 |
| | § | (Cause No. 2:15-CV-341) |
| JUAN VARGAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND DENYING CERTIFICATE OF APPEALABILITY**

Juan Vargas (Vargas) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 59. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion. . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2015) (2255 Rules). The Court dismisses Vargas' § 2255 motion because the motion is second or successive and denies him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331.

## II. BACKGROUND

Vargas pleaded guilty to possession with intent to distribute 219.3 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and was sentenced to 120

1

months in Bureau of Prisons as a career offender in June 2009. D.E. 27. Vargas' appeal was dismissed as frivolous on February 12, 2010. D.E. 37.

Vargas filed a motion to vacate, set-aside or correct sentence in June 2010. This court denied the motion after government response in March 2011. D.E. 44, 45. Vargas appealed, but his appeal was dismissed for want of prosecution. *United States v. Vargas*, No. 11-40360 (5th Cir. Aug. 3, 2011).

Vargas mailed his present motion on August 5, 2015, and the Clerk received it on August 10, 2015.

### III. MOVANT'S ALLEGATIONS

Vargas claims that his counsel provided ineffective assistance on the grounds that the career offender enhancement was not included in his indictment, the offenses used to establish career offender status were more than 15 year old, and counsel failed to argue against his categorization as a Career Offender on these grounds.

### IV. ANALYSIS

**A.  Second or Successive § 2255 Motions**

In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

> (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
>
> (2) otherwise constitutes an abuse of the writ.

*United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The *Orozco-Ramirez* court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. *Id.* at 869. Here, Vargas again complains that counsel was ineffective for failing to object to the use of his Texas reckless aggravated assault with a motor vehicle conviction as a predicate offense for his career offender status. Those facts were available to him at the time of his initial § 2255 motion.

When a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the

3

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Vargas's motion does not indicate that he has sought or obtained such permission.

The claim raised in Vargas' motion is a second or successive claim and is DISMISSED. *Orozco-Ramirez*, 211 F.3d at 869 (district court properly dismissed second or successive claim).

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Vargas has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented

deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

The Court concludes that Vargas is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

Vargas' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 59) is DISMISSED as second or successive and he is DENIED a Certificate of Appealability.

ORDERED this 27th day of August 2015.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE